## GUARANTY STATE BANK v. HIGBEE.
### (No. 2781.)

(Court of Civil Appeals of Texas. Texarkana. June 7, 1923.)

1. **Evidence 228—Admission made in conversation to agent of purchaser of inability to comply with escrow agreement held not hearsay.**

In an action against a bank to recover money deposited under an escrow agreement with P. but paid out by the bank before compliance with the agreement, testimony of witness concerning conversation between him and P. regarding latter's inability to comply with terms of escrow agreement held not hearsay, but the best evidence of P.'s admission of inability to comply, where P. was the man with whom witness, as plaintiff's agent, contracted.

2. **Escrows 14(1)—Evidence held to support verdict against bank for money paid out before compliance with escrow agreement.**

In an action against a bank to recover money deposited with it in escrow and alleged to have been paid out without compliance with the escrow agreement, evidence held to support verdict for plaintiff.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by E. H. Higbee against the Guaranty State Bank. Judgment for plaintiff, and defendant appeals. Affirmed.

Marvin H. Brown, of Fort Worth, for appellant.
J. W. Kearby, of Fort Worth, for appellee.

HODGES, J. [1, 2] The appellee sued the appellant to recover $1,600 which had been deposited with the latter in escrow. The petition alleged that the plaintiff had contracted to purchase an oil lease from one Carroll Peak on land which was owned by another party. The price of the oil lease was $3,200. The agreement between the appellee and Peak was that this sum should be placed in escrow in the appellant bank; that upon delivery to the bank of an abstract of title to the property and the acceptance of the title by the attorneys for the plaintiff, and upon the delivery of the proper lease, or assignment of lease, covering the property, and its acceptance by the plaintiff, the bank was to pay over and deliver to Peak and another party by the name of James the sum of $3,200 thus deposited. It was also stipulated that should Peak and James fail or refuse to comply with their undertaking, then the money was to be repaid to the plaintiff or his agent. It was also alleged that the conditions of the deposit were not complied with, and that the appellant bank, without plaintiff's knowledge or consent, paid one half of the money to Peak and the other half to James; that demand had been made for the entire sum, and Peak had repaid the plaintiff $1,600, but that the bank had refused to pay the remaining $1,600. This suit was brought for that sum.

The facts show that the appellee, Dr. E. H. Higbee, resided in St. Louis, Mo. He was represented by his brother, Dr. A. S. Higbee, who resided at Fort Worth, Tex., and who conducted the negotiations with Peak and with the bank. The facts further show that the money was deposited substantially as alleged in the petition and upon the conditions therein stated. Two or three weeks after the money had thus been placed in escrow, the appellant allowed Peak and James, without the knowledge or consent of Higbee or his agent, to withdraw the entire sum. It is undisputed that Peak and James were unable to deliver a lease within the terms of the agreement. Peak admitted that they could not comply with the conditions upon which the money was deposited, and for that reason he had returned the amount which he had withdrawn.

The material facts were submitted to and passed upon by the jury, and upon their findings the court entered a judgment in favor of the appellee for the sum sued for.

Appellant· objects to testimony of Dr. Higbee concerning conversations between him and Peak regarding Peak's inability to comply with the terms of the escrow agreement, as hearsay. Peak was the man with whom Higbee contracted, and Peak's admissions furnished the best evidence of his inability to comply with the terms of his agreement.

It is also contended that the verdict of the jury was unsupported by the evidence. The objection is untenable. The evidence is ample to support all the findings essential to sustain the judgment rendered.

The judgment will therefore be affirmed.