**CITY NAT. BANK OF DALLAS et al. v. GRIMM. (No. 9115.)**

(Court of Civil Appeals of Texas. Dallas. April 26, 1924. Rehearing Denied May 24, 1924.)

1. **Escrows** ⟝14(1)—Bank paying money held in escrow after notice of adverse claim held liable.

Where bank holding in escrow deposit on oil lease, after knowledge of claim by purchaser of lease to the deposit, paid it to another, the bank was liable upon proof of claimant's ownership.

2. **Principal and agent** ⟝24—Agency for depositor of one authorizing payment of fund held by bank in escrow held not raised by evidence.

In action against bank to establish claim to fund deposited by plaintiff, purchaser of oil lease, in escrow, which fund had been paid at direction of owner of lease to another, evidence *held* insufficient to raise question of such owner's agency for plaintiff.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action by H. F. Grimm against the City National Bank of Dallas and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Leake & Henry, of Dallas, for appellants.
Phillips, Townsend & Phillips and Tom Scurry, all of Dallas, for appellee.

JONES, C. J. On January 16, 1919, H. F. Grimm, appellee, caused a deposit of $1,750 to be made in the City National Bank of Dallas, one of the appellants in this cause, and placed to the credit of T. H. Mehuron. The conditions under which the deposit was made were as follows: Appellee was an oil man, buying, selling, and developing oil leases, and maintained an office in the city of Fort Worth, Texas. T. H. Mehuron maintained an office in the city of Dallas and, on or about the date of the deposit, called appellee over the telephone and proposed to lease to him a certain 40-acre tract of land situated in Eastland county near the town of Desdemona. This conversation resulted in an agreement between the parties by which Mehuron was to execute to appellee a lease on the said 40 acres for a consideration of $17,500 on the condition that an abstract to the land would show that appellee was given a good title to the lease. Five days was to be allowed for the examination of said abstract, but appellee was at once to deposit 10 per cent of the purchase price of the lease, to wit, $1,750, in the appellant bank to be placed with the assignment of the lease. This money and lease were to be held in escrow by the bank and subject to be paid to Mehuron if the title to the lease was pronounced good. It was in no

sense placed in the bank as a forfeit, but was to be a part payment on the lease when the title was passed, and the remainder of the purchase price was then to be paid by appellee at once.

Appellee was a customer of the Farmers' & Mechanics' National Bank at Fort Worth, Tex., and appellee committed to said bank the making of the required deposit in the City National Bank. Pursuant to the request of appellee, an assistant cashier of the Fort Worth bank called over the telephone the assistant cashier of the appellant bank and requested the bank to charge its account with $1,750 and place a like amount as a deposit to the account of T. H. Mehuron with a lease held by the bank. It was also stated that this deposit was under an escrow agreement and constituted 10 per cent. of the purchase price of the lease, was not placed as a forfeit, and was subject to the title to the property proving good. On the same day the said assistant cashier of the Fort Worth bank confirmed the telephone conversation by a letter which embraced the subject-matter of the telephone conversation. The appellant bank at this time did not have in its possession such a lease, but it did place the amount of $1,750 to the credit of T. H. Mehuron under the conditions as given above.

Mehuron confirmed the lease agreement entered into with appellee by two telegrams sent by him to appellee. On the date he entered into the lease agreement with appellee, Mehuron did not own the lease to the land. At said time it was either owned or controlled by Allen-Stemmons Company, a corporation, and one of the appellants herein. Mehuron, however, was negotiating with the Allen-Stemmons Company for an assignment of a lease on 50 acres of land in Eastland county which embraced the forty acres that Mehuron had agreed to lease to appellee, at the same price and on the same terms as appellee's lease. If Mehuron consummated these two deals, he would have, as a profit, a lease on 10 acres of the 50-acre tract.

On January 22, 1919, appellant Allen-Stemmons Company and Mehuron addressed a joint letter to appellant bank which evidenced the fact that these parties had reached an agreement and that Mehuron was to lease said 50 acres from said appellant at $17,500 with five days given Mehuron to have the abstract of title to the lease examined and passed upon, and, if it proved a good title, he was to pay $17,500. Mehuron was required, however, to place immediately the sum of $1,750 in the bank to be used as a part payment on the draft of said appellant for said sum of $17,500; said draft was made payable in five days from the date of the letter and was conditioned on the approval of the title to the lease. Mehuron and said appellant informed the bank that the $1,750 to his credit was to be used as the advance deposit on his agreement with said appellant.

Appellee was never furnished with an abstract of title to the lease, nor was he ever furnished with a draft of the lease. Some time between January 22 and February 11, 1919, appellee called at appellant bank to inquire if there was a lease from T. H. Mehuron to him held by the bank. At this time he was informed that there was nothing held by the bank for him. Appellee thereupon informed the bank that the $1,750 which had been placed to the credit of T. H. Mehuron was his money, and, in effect, that it should have been placed to his credit, and that he thought it had been so placed. He also informed the bank that the time had long since elapsed within which Mehuron was to complete the deal by which appellee was to become purchaser of a lease of 40 acres of land in Eastland county, and he demanded the return of his $1,750. This was the first information that appellant bank had that appellee was in any way interested in the matter, and it declined to meet his demand, and, as subsequent proceedings show, declined to recognize him as having any interest in the money. On February 10, 1919, Mehuron addressed a letter to appellant bank in which he directed said bank to pay to appellant Allen-Stemmons Company the $1,750 on deposit to his account, and gave as a reason that the land purchased was not taken by him or by his clients within the time limit given under the agreement, and that the abstract of title to the lease had been passed upon as good by his attorneys.

On February 11, 1919, after exacting an indemnity bond from Allen-Stemmons Company, and in conformity with the letter addressed it by Mehuron, appellant bank paid the money to Allen-Stemmons Company. This indemnity bond was exacted of Allen-Stemmons Company because of the claim to the money made by appellee. Appellee did not know of this transaction between the bank, Mehuron, and Allen-Stemmons Company until several days later, when, having made other demands for his money, he was made acquainted with the conditions then existing.

Appellee at once filed this suit against the bank, setting up the facts as before stated and asked judgment against said bank in the sum of $1,750. The appellant bank filed its answer consisting of a general demurrer, special exception, and special answer, in which it claimed it had acted in good faith in paying over the money to Allen-Stemmons Company on the order of Mehuron, for the reason that it was ignorant of the claims of appellee to the money, and for the further reason that the money, according to instructions of the Fort Worth bank, had been deposited to the credit of T. H. Mehuron and no mention was

made by said bank issuing said instructions of any interest in the matter by appellee. It further claimed that Mehuron was the agent of appellee to purchase the lease from Allen-Stemmons Company and that appellee was bound by the act of the said agent in delivering the deposit to Allen-Stemmons Company.

The Allen-Stemmons Company intervened in the suit, claiming its right to the money by reason of the failure of appellee to take the lease. It also pleaded the agency of Mehuron for appellee, and that appellee was bound by the acts of his said agent.

The case was tried to a jury and resulted in a judgment in favor of appellee against both appellants for the sum of $1,750. The case was submitted to the jury on one special issue only, and, in response to this issue, the jury found that a reasonably prudent person, situated as appellant bank was under the facts and circumstances of this case, would not have paid to appellant Allen-Stemmons Company on the order of T. H. Mehuron the sum of $1,750, and the judgment was entered on this finding in behalf of appellee. Appellants duly excepted to the submission of this issue, duly requested peremptory instructions, and duly requested the submission of the agency of Mehuron for appellee, and have assigned errors on the refusal of the court to give these instructions, and also on the sufficiency of the evidence to sustain the finding of the jury and the sufficiency of the finding under the evidence in the case to warrant the judgment entered.

[1] It is not deemed necessary to discuss separately these various assignments of error. The evidence conclusively shows that appellee was the owner of the deposit in controversy, and that the appellant bank was duly informed of this ownership previous to its honoring the order of Mehuron to pay the money to Allen-Stemmons Company. The undisputed evidence further shows that the deposit was a special deposit and was not subject to the check of Mehuron in whose name it stood, but could only be paid on information that the deal had been consummated and with the permission of the one who owned the deposit. If the bank had not received the notice from appellee previous to its honoring the order of Mehuron, then appellee could not be heard to complain, for the reason that his agent, the Fort Worth bank, to whom appellee intrusted the making of the deposit, had not informed appellant bank of appellee's ownership. The bank did receive this information, however, from appellee himself, and did receive from him a demand for the money before it honored said order. Under these conditions, the most favorable view to appellant bank that could be taken was that it was held to the exercise of ordinary care as to the paying out of this money. This issue was fully and fairly submitted by the trial court to the jury and found against said appellant, and this finding is amply supported by evidence.

[2] The evidence is not sufficient to raise the issue of agency of Mehuron for appellee. It clearly appears that appellee did not know that Allen-Stemmons Company was the owner of the lease on January 16, 1919, and never knew but that Mehuron was the owner of the lease until after this controversy had arisen.

The appellant bank recognized by its pleadings that its defense must rest on ignorance of appellee's ownership of the money when in its answer it pleaded that it paid the money out before it had any notice of such claim by appellee. If it could have sustained this plea, it would have been entitled to the judgment for which it contends. In this respect, however, it failed; as its officers testified, in effect, that when appellee first visited the bank, made himself known, and laid claim to the money, the deposit was still standing in the name of Mehuron and had not been paid to Allen-Stemmons Company.

The evidence fails to show any contract relation whatever between appellee and Allen-Stemmons Company, and hence fails to show that Allen-Stemmons Company had any claim or right to the deposit actually made by appellee.

Finding no reversible error, it is the opinion of the court that this cause should be affirmed.

Affirmed.

⬤⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes