**TEXAS NAT. BANK v. EASTLAND–DESDEMONA CONSOL. OIL CO. et al. \***
**(No. 381.)**

(Court of Civil Appeals of Texas. Waco.
June 24, 1926. Rehearing Denied
Oct. 7, 1926.)

1. **Pleading** ⬳36(3)—Escrow holder was not entitled to instructed verdict because contract under which money was deposited was not properly executed, where it pleaded that there was a binding contract.

In action by vendor against bank to recover money deposited in escrow under contract and paid out by bank to another, bank was not entitled to instructed verdict because vendor's articles of agreement provided that a contract to be binding must be executed by two of its trustees and contract was signed by only one trustee, where bank pleaded a binding agreement between the parties, and trustee testified that he signed agreement with consent of other trustees.

2. **Appeal and error** ⬳1062(2)—In suit to recover money deposited in escrow with bank and paid out by bank to another, refusal to submit special issues raising questions which became immaterial under finding that bank had actual knowledge of contents of contract before permitting withdrawal of money, held not error.

Where bank permitted money deposited in escrow under contract to be withdrawn by agent of parties to contract, and jury found on special issue that bank had actual knowledge of contents of contract, it was not error to refuse special issues raising question as to whether parties to contract delivered escrow papers to agent to be delivered to bank, whether he delivered them for safe-keeping, and whether he deposited check with statement that it was his money, since questions became immaterial under finding.

3. **Escrows** ⬳14(1).

Where, under contract to sell, vendee forfeited as liquidated damages determined sum deposited in escrow with bank, bank, having actual knowledge of contents of contract, permitting money to be withdrawn without consent of vendor, *held* liable.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Suit by the Eastland-Desdemona Consolidated Oil Company against the Texas National Bank, Geo. W. Cole, Jr., and James A. Buie to recover money deposited in escrow with defendant bank. Judgment for plaintiff against defendant Bank, and in favor of defendant Bank against defendant James A. Buie, and defendant Bank alone appeals. Affirmed.

Samuels & Brown, of Fort Worth, for appellant.

C. R. Bowlin and Boykin & Ray, all of Fort Worth, for appellees.

BARCUS, J. Appellee Eastland-Desdemona Consolidated Oil Company, hereinafter styled Oil Company, brought this suit against appellant Texas National Bank and against Geo. W. Cole, Jr., and James A. Buie, seeking to recover $5,000, which had been deposited in appellant bank as escrow money under a certain contract which had been entered into between the Oil Company and Cole. The cause was tried to a jury, and, based on the findings of the jury and additional findings by the court, judgment was rendered for the Oil Company against appellant bank, and in favor of the bank against James A. Buie, and it was adjudged that Geo. W. Cole, Jr., had no interest in the fund. The bank alone has appealed.

The appellee Oil Company, as well as ap-

pellant bank, pleaded the contract as made between the Oil Company and Cole, and attached a copy of the contract to their pleadings. Each of said parties, in substance, pleaded that on September 22, 1920, the Oil Company and Cole entered into a contract, under the terms of which the Oil Company was selling and Cole was purchasing certain oil properties belonging to the Oil Company; that as a guaranty for his faithful performance of the contract, and to be forfeited as liquidated damages, Cole deposited $5,000 in cash. Appellee Oil Company under the contract agreed to furnish abstracts showing merchantable title to its properties, and to execute and deliver proper conveyances. The Oil Company alleged that it performed its part of the contract and furnished the abstracts, which were approved, and tendered the transfers of the properties as provided in the contract; that the said Cole failed and refused to perform his part of the contract, and that by reason thereof it was entitled to said $5,000. The appellant bank alleged that the escrow papers were put in the bank by Buie in his individual capacity for safe-keeping, and that the $5,000 was turned over to said Buie by Cole and the Oil Company, and that he had appropriated said funds; that it (the said bank) had no knowledge or information about the money being escrow funds before it had paid same to Buie, and was not in any way liable therefor. It further alleged that the funds belonged to Buie, and that he had withdrawn same from the bank. It further alleged that appellee Oil Company had failed to perform its part of the contract, in that it had not furnished the abstracts and conveyances as required, and was not for said reason entitled to the forfeit money. In the alternative, the bank asked for judgment against Buie if the Oil Company recovered against it.

The president of the Oil Company, J. D. Lyles, testified that the abstracts and conveyances were furnished, and that they were approved by Cole and his attorney. There was no issue requested, and none submitted by the court, as to whether the Oil Company had performed its part of the contract, and as to whether Cole had failed to perform his part, and thereby forfeited said $5,000. The court by its judgment in effect found that Cole had forfeited said money, that same was liquidated damages, and that the Oil Company was entitled thereto.

The evidence shows that, when the Oil Company and Cole entered into the contract, it was late in the afternoon, and they left the contract, properly executed, with the real estate agent, James A. Buie, together with a draft drawn by Cole for $5,000, payable to the bank, which Buie, as agent for both Cole and the Oil Company, agreed to take to appellant bank and deposit in escrow, and instruct the bank to collect the $5,000 draft and hold same, with the contract, for said parties. Buie, the next morning, carried the escrow papers to the bank, and left a sealed envelope containing the contract, together with his individual check for $5,000, with the escrow clerk in the bank, there being written on the envelope this statement:

"Escrow papers of J. D. Lyles and Geo. W. Cole, Jr. Deposited by James A. Buie, to be removed by him in 30 days. September 24, 1920."

Buie took the $5,000 draft which Cole had given him, and which was payable to appellant bank, and told the president of the bank that it was his money, and instructed the banker to collect same and deposit to his individual account as trustee. The draft was collected and the money deposited to the account of James A. Buie, trustee, and it was paid out by the bank on checks drawn by him. Buie did not testify at the trial of the case. The officers of the bank testified that Buie left the envelope containing the contract and his check in the bank for safe-keeping only; that they did not know until about the time this suit was filed anything about the contents of the contract or that the draft for $5,000 which Cole had given was to be collected by the bank and held by it in escrow with said papers.

J. D. Lyles, president of the Oil Company, testified that during the day on which Buie left the contract and draft with the bank he personally went to appellant bank and talked to Mr. Samuels, the active vice president thereof, and asked him if the papers had been left there, and whether or not Cole's draft for $5,000 had been paid; that he informed the bank as to the contents of the contract, and of the fact that the bank was to collect the money and to hold same in conformity with the escrow contract; that Mr. Samuels, at his (Lyles') request and expense, wired the bank in New Jersey on which the draft was drawn to see if same was good, and later in the day he returned to the bank, and Mr. Samuels informed him that the bank had wired that the draft was good, and that the money would be collected and held with the contract. This was denied in toto by Mr. Samuels and the other officers of the bank.

In answer to special issues, the jury found that Mr. Samuels and Mr. Hazins, officers of the bank, had actual notice, at the time Buie presented the $5,000 draft to the bank, that same was in Buie's possession as a result of an escrow agreement between the Oil Company and Cole, and that the bank, before it paid out any of the proceeds of the $5,000 draft, had actual notice of the agreement which the Oil Company and Cole had made.

Appellant, in its brief, complains of the

action of the trial court in refusing to instruct the jury to return a peremptory instruction for it, because it was not shown that the Oil Company had tendered to Cole an abstract showing a good and merchantable title. This issue was submitted to the trial court. The court found that the Oil Company had complied with its part of the contract, and said finding is supported by the testimony in the record.

[1] Appellant further contends that it was entitled to an instructed verdict, because the articles of agreement of the appellee Oil Company provide that a contract, to be binding, must be executed by at least two of its trustees, and that the contract between it and Cole was signed by only one of its trustees, namely, J. D. Lyles. This assignment is overruled. Appellant bank itself pleaded that there was a valid and binding contract made between the Oil Company and Cole. Further, the witness Lyles testified that he had signed the contract with the consent and authority of the other trustees.

[2] Appellant complains of the action of the trial court in refusing to submit to the jury several special issues raising the question as to whether Cole and the appellee Oil Company delivered the papers to Buie, to be delivered to the bank, whether or not Buie delivered them there for safe-keeping, and whether Buie deposited the check which Cole had given to his own personal account, with the statement to the bank that it was his (Buie's) money. None of these questions were controverted issues, and it was not error for the court to refuse to submit same. The evidence was undisputed that Buie was the agent of Cole and appellee Oil Company to carry the papers to the bank, and that Buie made false statements to the bank with reference thereto. These questions all became immaterial, under the finding of the jury that the officers of the bank, before any of the funds had been paid out, had actual knowledge of the contract, and the conditions under which it was to collect and hold the proceeds of the $5,000 draft.

[3] Under the findings of the jury, and additional findings by the court, all of which are supported by the testimony in the record, the $5,000 was given to Buie by Cole and the Oil Company to be, and was by him, left in appellant bank in escrow to guarantee the performance on the part of Cole of his part of the contract, and the bank had actual knowledge of the agreement under which the money was put in the bank. Under the well-established rule for escrow paper, the bank was obligated to hold said funds and pay same out only in accordance with the provisions of said contract. If it permitted the money to be withdrawn from the bank without the consent of the Oil Company, it is liable to it for the damages which it sustained by reason thereof. Citizens' Nat. Bank v. Davisson, 229 U. S. 212, 33 S. Ct. 625, 57 L. Ed. 1153, Ann. Cas. 1915A, 272. It being shown by the record in this cause that appellee Oil Company tendered performance on its part of the contract, and that Cole failed and refused to carry out his part thereof, and it being alleged by all parties that the $5,000 was to be paid as fixed liquidated damages if Cole failed to carry out his contract, appellee was entitled to recover same. All the parties who claimed any interest in the funds were before the court, and neither Cole nor Buie, who claimed to have a transfer of Cole's interest in the funds, has appealed. The bank is a mere stakeholder, and since, under the findings of the jury, it had actual knowledge of the contents of the contract and of the purpose for which the $5,000 was placed in the bank, it was under obligation to hold said funds and pay same out only under the terms of the contract or by order of the court.

We have examined all of appellant's assignments of error, and same are overruled. The judgment of the trial court is affirmed.