### BARBER v. FIRST STATE BANK OF HEREFORD.

#### No. 3514.

Court of Civil Appeals of Texas. Amarillo.
Feb. 25, 1931.

Rehearing Denied March 18, 1931.

Fred E. Young, of Amarillo, and Carl Gilliland, of Hereford, for plaintiff in error.

W. H. Russell, of Hereford, for defendant in error.

JACKSON, J.

This suit was instituted in the county court of Deaf Smith county, Tex., by the plaintiff, E. M. Barber, to recover of and from the defendant, the First State Bank of Hereford, with 6 per cent. interest thereon, the sum of $500 deposited by plaintiff in escrow in the First State Bank & Trust Company of Hereford, Tex.

The plaintiff alleged that on December 18, 1926, he entered into a written contract with the Union National Bank of Fremont, Neb., by the terms of which he agreed to buy, and said Union National Bank agreed to sell, certain real estate in Deaf Smith county, Tex., which is sufficiently described in the petition. That said contract stipulated that plaintiff should pay the consideration of $2,400 for said land as follows: $500 cash placed in escrow with a copy of the contract in the First State Bank & Trust Company of Hereford, Tex., the same to be paid to said Union National Bank upon the completion of the contract; the balance of $1,900 cash to be paid on the approval of title and the delivery of deed.

The plaintiff attaches to and makes a part of his petition a copy of said contract and alleges the effect of the provisions thereof.

He pleads that in compliance with his contract he deposited it with $500 cash in the First State Bank & Trust Company as escrow agent to be paid to said Union National Bank on the completion of the contract. That said First State Bank & Trust Company accepted said deposit, kept it segregated from its other funds, and expressly and impliedly agreed to hold the money until said contract was completed. That the contract was never completed, that it was breached by said Union National Bank, and about February 10, 1927, said First State Bank & Trust Company misappropriated and wrongfully converted said escrow deposited without the authority or consent of the plaintiff and contrary to its duties wrongfully and fraudulently paid said $500 to C. R. Smith.

The plaintiff then alleges that the First State Bank & Trust Company, about October 20, 1927, duly and legally sold, assigned, and delivered all of its assets to the defendant herein, and as a consideration therefor the defendant legally contracted and agreed to assume and pay all liabilities of the First State Bank & Trust Company, and the defendant thereby became bound to discharge and satisfy all lawful debts, claims, and liabilities known or unknown to all creditors of said First State Bank & Trust Company.

The defendant answered by general demurrer, and by way of special defense alleged that the plaintiff is estopped to recover said deposit, because an abstract of the property was delivered to the plaintiff on January 3, 1927, was examined by the attorney of plaintiff, who, by letter, approved the abstract of title, suggested how the deed should be drawn, upon the authority of which the $500 escrow deposit was paid under the terms of the contract. That said contract was completed in so far as the defendant was concerned when such abstract was delivered and approved and a warranty deed delivered to the escrow holder, and in no event was the plaintiff damaged by the payment of the money to C. R. Smith, the agent of the Union National Bank of Fremont, Neb.

In the alternative the defendant alleges that regardless of having paid said $500 escrow deposit to C. R. Smith, if it is an escrow holder, it has in its possession the sum of $500 to be paid to the owner thereof and here tenders said sum to be paid to the proper party, but asserts that before plaintiff is entitled to recover the escrow money it is necessary for him to make the Union National Bank a party to the suit.

The written contract, dated December 18, 1926, between the plaintiff and the Union National Bank for the purchase and sale of the quarter section of land, stipulates, in effect, that the plaintiff should pay $2,400 for the land, $500 cash placed in escrow with a copy of the contract in the First State Bank & Trust Company to be paid to the Union National Bank on the completion of the contract and the balance upon the approval of title and the conveyance of the land to the plaintiff, free and clear of all incumbrances, by a warranty deed. That an abstract should be furnished, showing good and merchantable title, such abstract to be examined by plaintiff's attorney, and if no objections were found to the title, the contract should be consummated at once; if objections were found, a reasonable time should be allowed to correct such objections; but if any defects were found which could not be cured, the $500 should be returned to plaintiff and the contract canceled.

There is no provision in the contract providing that if plaintiff breached his contract the $500 was to be forfeited to the grantor or paid as liquidated damages for the breach, and no provision authorizing the bank to de-

termine when or whether the contract had been complied with.

Under the agreed facts, the record shows that the plaintiff delivered to the First State Bank & Trust Company a copy of the contract with the $500 in cash to be paid according to the terms of the contract. That the bank accepted the deposit subject to the stipulations of the contract. That on February 10, 1927, the First State Bank & Trust Company, "without the knowledge or authority on the part of the plaintiff," delivered said $500 to C. R. Smith. That on February 12th thereafter, the Union National Bank delivered to said First State Bank & Trust Company a warranty deed conveying the land to plaintiff. That the deed was offered to the plaintiff but was never accepted by him. That when plaintiff learned that the deposit had been paid out, he made demand therefor, but the bank and trust company refused to pay him said sum or any part thereof. That after the plaintiff refused to accept the deed and demanded the payment to him of said $500, but before he filed this suit, the Union National Bank sold and conveyed said land to other parties. That on February 4, 1927, the attorney employed by the plaintiff to examine the abstract for him .wrote an opinion thereon, in which, among other things, he stated, in substance, that he had completed the examination of title but there was certain information he desired. He then states what he deems to be discrepancies in the description of the land in certain of the instruments abstracted and assumes that all the descriptions mean the same and suggests that a deed be drawn covering all the different descriptions, and if there is a certain subdivision of record, it should be shown in the abstract. He concludes by saying that he has not corresponded with the plaintiff and does not know just what the contract is, but asks that he be advised with reference to the suggestions as to the descriptions referred to in his opinion. That on February 10th this letter was exhibited to the First State Bank & Trust Company, and upon it, as authority, the $500 was paid to C. R. Smith. There is nothing in this opinion that would authorize the bank to pay the money to Smith as the agent of the Union National Bank.

That the defendant purchased the assets of the First State Bank & Trust Company and assumed the payment of its obligations and debts.

On these facts, a jury having .been waived, the court rendered judgment that the plaintiff take nothing by his suit and that the defendant go hence without day with its costs, from which judgment this appeal is prosecuted.

The appellant presents as error the action of the trial court in rendering judgment against him, because, under the record, he was entitled as a matter of law to recover the $500 escrow deposit, with interest thereon.

■■ The First State Bank & Trust Company, appellee's assignor, indisputably became the depository for the $500 escrow money deposited with the contract by plaintiff and voluntarily assumed the duty and obligation of retaining and disposing of said sum in compliance with the stipulations of the contract. It thereby became "the trustee of an express trust with duties to perform for each of the parties and which neither can forbid without the consent of the other." 10 R. C. L. 633, § 15. It was bound by the terms of the agreement and liable for the improper disposition of said $500. 10 R. C. L. 634, § 16; Citizens' National Bank v. Davisson, 229 U. S. 212, 33 S. Ct. 625, 57 L. Ed. 1153; Simpson v. Green (Tex. Com. App.) 231 S. W. 375; Guaranty State Bank v. Higbee (Tex. Civ. App.) 254 S. W. 225; City National Bank of Dallas et al. v. Grimm (Tex. Civ. App.) 262 S. W. 197; Texas National Bank v. Eastland-Desdemona Consol. Oil Co. (Tex. Civ. App.) 287 S. W. 149.

■ The appellee, having purchased the assets of the First State Bank & Trust Company and assumed the payment of its debts and obligations, occupies the position of and is the holder of the escrow deposit and bound by the duties and obligations of its assignor. First State Bank & Trust Co. et al. v. First Bank of Truscott (Tex. Civ. App.) 32 S.W.(2d) 494.

The appellee contends that the judgment of the trial court is correct even if the record shows that its assignor breached the trust by paying out the escrow money before the contract of purchase and sale was completed, for the reason that no damage is shown to have been occasioned appellant by such wrongful act, relying on the principle announced in 21 C. J. 884.

Appellee's answer contained no general denial, but, among other things, it pleaded that although it had paid out the escrow deposit to the Union National Bank, that if it is an escrow holder, it has in its possession the sum of $500 to be paid to the owner thereof and tenders said sum to be paid to the proper party.

■ The appellee never owned said $500 and does, not assert any right, title, or interest therein. The Union National Bank had abandoned its right to enforce specific performance against appellant, because it had sold and conveyed the real estate to other parties after he declined to accept the deed.

It had no claim on this specific escrow deposit even should we concede that the appellant breached his agreement to buy the land, because the contract does not provide that said Union National Bank is to receive said $500 as a forfeiture or as liquidated damages if the appellant failed and refused to perform the obligations imposed on him in said contract. The only remedy of the Union National Bank against the appellant, if any, would be a suit for damages for breach of contract, and

the escrow deposit not having been in any way impounded by said Union National Bank, it had acquired no right to this specific fund, either in the hands of appellee or appellant.

We are therefore of the opinion that the court committed error in refusing to allow appellant to recover the $500 which appellee admitted it held and which it tendered to the party entitled thereto.

The judgment is reversed, and here rendered that appellant recover from the appellee the sum of $500, with interest at the rate of 6 per cent. per annum from the date of the judgment in this court.