**STANLEY FURNITURE COMPANY, Inc.,**
Appellant,

v.

**TEXAS STATE BANK, Appellee.**

No. 11551.

Court of Civil Appeals of Texas.

Austin.

March 13, 1968.

Thompson & Jones, Joe Warren Jones, San Antonio, for appellant.

Maloney, Black & Hearne, Thomas Black, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellant, the plaintiff below, brought this suit against Appellee to recover $5,000 that had been deposited in escrow with Appellee by Austin Apartments, Inc. and Manor Apartments, Inc., pursuant to a contract to purchase furniture from Nolan B. Warren.

The case was tried to the court on an agreed statement of facts and after a take nothing judgment, Appellant perfected his appeal to this Court.

We affirm.

Appellant is before us on a single point of error being that of the trial court in rendering judgment against Appellant because under the agreed stipulations of facts Appellee promised in writing to pay escrow funds to Appellant which it subsequently failed to do, and, as a matter of law, Appellee became liable to Appellant for its dam-

ages under the doctrine of promissory estoppel.

We overrule this point.

The facts of the case are as follows. In June of 1962 Austin Apartments, Inc. and Manor Apartments, Inc. (hereinafter referred to as Austin and Manor) entered into a contract with Nolan B. Warren, which contract provided, in summary, that Austin and Manor agreed to purchase furniture from Warren for $5,000; Warren was to obtain the furniture from Appellant; Austin and Manor agreed to pay Warren for the furniture when it was delivered to them by Warren in Austin, Texas, together with fee simple title thereto; Austin and Manor deposited $2,500 each with Appellee [1] to cover the purchase price of the furniture; Appellee agreed to act as escrow agent and agreed to keep such funds in escrow until written directions for the disposition of such funds were given it by Austin, Manor and Warren; in the event of a dispute between the parties to the agreement, Appellee could relieve itself of liability as escrow agent by tendering such funds into a court of competent jurisdiction in Travis County, Texas.

On June 11, 1962, Appellee wrote the following letter to Appellant:

"TEXAS STATE BANK

Post Office Box 1151, Austin, Texas 63
June 11, 1962

Stanley Furniture Company
Stanleyville, Virginia

Attention: Credit Manager

Gentlemen:

At the request of Mr. N. B. Warren, d/b/a Warren Furniture Company of Austin, Texas, we wish to advise you that we are holding in escrow the $5,000.00 for the purchase of furniture. These funds will be released to you upon written instructions as indicated in the contract dated June 8, 1962.

Yours very truly,

/s/ Monroe Bethke,
Monroe Bethke, Vice-
President"

———————

Subsequent to the receipt of this letter and of a copy of the abovementioned escrow contract Appellant shipped the furniture to Warren at Austin, Texas. Warren subsequently delivered the furniture to Austin and Manor and pursuant to written instruc-

1. The provisions of this escrow agreement are as follows:
    "Austin and Manor herewith deposit the sums of $2,500.00 and $2,500.00, respectively, with the undersigned escrow agent, Texas State Bank, a state banking corporation located in Austin, Texas, the receipt of which is hereby acknowledged and confessed. Said sums are to apply on the purchase price of said furniture, provided all the terms and conditions hereof are met by Warren. The escrow agent is to hold said sums in safekeeping until written directions are given to it by Austin, Manor and Warren. Said escrow agent may relieve itself of all liability hereunder, in the event of a dispute between the parties hereto, by tendering such sums into a court of competent jurisdiction in Travis County, Texas."

tions received from Austin, Manor and Warren, Appellee disbursed the funds to them and the escrow fund was entirely exhausted. Appellee paid none of the escrow funds to Appellant.

In November of 1962, Warren was adjudged a bankrupt based upon a voluntary petition filed by him and, subsequently obtained his discharge in Bankruptcy.

Consequently, Appellant filed the suit at bar against Appellee for breach of its escrow contract, and breach of its written promise contained in the abovedescribed letter of June 11, 1962.

Appellant's position here is that Warren requested that the bank write Appellant the abovementioned letter of June 11, which fact the Appellee bank acknowledged in the letter. That the representations and promises made by Appellee in the letter to Appellant were made with Warren's full knowledge and at his request. Therefore, Warren as of June 11, 1962, gave his directions or instructions to the bank for the release or disbursement of the $5,000 escrow funds to which he would be entitled upon his performance of the June 8, 1962 contract, summarized above. That had Warren not given the Appellee these instructions as to the disposition of the $5,000 held in escrow, Appellee would have had no reason to correspond with Appellant and make the promise and representations which it did in its letter of June 11, 1962.

Appellant then cites this Court to cases [2] involving the doctrine of promissory estoppel and asserts their applicability to the case at bar.

■ We hold that the facts of this case do not lend themselves to the theory of promissory estoppel. We also point out that since there are no findings of fact or conclusions of law filed herein, consequently all reasonable intendments will be indulged in favor of the judgment.

■ No estoppel can arise from the circumstances of this case because Appellee at all times simply followed the contract which unequivocally required Appellee to "hold said sums in safekeeping until written directions are given to it by Austin, Manor and Warren."

On July 19 these parties directed Appellee to distribute $1,256.15 to Warren and on July 31 directed Appellee to distribute the respective remaining balances to Austin and Manor. Appellee did exactly what it was supposed to do and what it was required to do under the terms of the contract.

Appellee's letter to Appellant of July 11, 1962, in no way changes Appellee's duties under the contract. It advises Appellant that the funds are in escrow, and that they would be released to Appellant "upon written instructions as indicated in the contract." No written instructions to release the funds to Appellant were ever given. The reference to the contract (a copy of which was in Appellant's posession when it received the letter in question) put Appellant on notice that Appellee was acting, and would continue to act, subject to its duties under the contract, which Appellee obviously had to do. Thus Appellant knew that the funds belonged to Warren, Austin and Manor were subject to those parties' absolute control. Citizens National Bank at Brownwood v. Ross Construction Co., 146 Tex. 236, 206 S.W.2d 593 (1947); Mercantile Nat. Bank at Dallas v. McCullough Tool Co., 152 Tex. 471, 259 S.W.2d 724 (1953); Farmers State Bank v. First State Bank of Liberty, 317 S.W.2d 768 (Tex.Civ. App. Waco 1958, no writ); Texas National Bank v. Eastland-Desdemona Consolidated Oil Company, 287 S.W. 149 (Tex.Civ.App. Waco 1926, writ dis'm).

2. Dyer v. Metallic Building Company, 410 S.W.2d 56 (Tex.Civ.App. Tyler 1966, no writ); Thompson v. McAllen Federated Woman's Bldg. Corporation, 273 S.W.2d 105 (Tex.Civ.App. San Antonio 1954, no writ); Wheeler v. White, 398 S.W.2d 93 (Tex.1965).

Appellant relies heavily upon Wheeler v. White, supra, where a contract plus a promise to perform was involved. The Court found the contract unenforceable, however, on appeal the Supreme Court held that due to the promise, the necessary elements of inducement and reliance were present and reversed and remanded the case. *Wheeler* is not in point here for several reasons. Two such reasons are, first, Appellee's letter to Appellant was not a promise upon which the necessary reliance to detriment could be placed. In the second place, the facts in *Wheeler* disclosed an unenforceable contract (which passed out of the picture) leaving the promise in addition to the elements described above. Here Appellant attempts to prove a promise on the part of Appellee to act in such a manner as to breach a valid, existing contract.

The judgment of the trial court is affirmed.

Affirmed.