**FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellant,**

v.

**OAK CLIFF BANK AND TRUST COMPANY, Appellee.**

No. 4995.

Court of Civil Appeals of Texas, Eastland.

May 12, 1977.

Rehearing Denied June 9, 1977.

David Herndon and Duncan Boeckman (Golden, Potts, Boeckman & Wilson), Dallas, for appellant.

Harry A. Deford, II, Oak Cliff Bank and Trust Company, Legal Dept., Dallas, for appellee.

McCLOUD, Chief Justice.

Plaintiff, Federal National Mortgage Association sued defendant, Oak Cliff Bank and Trust Company, for breach of contract. At issue is whether defendant was required to assign to plaintiff a $25,187 letter of credit when defendant assigned a mortgage to plaintiff. Following a nonjury trial, judgment was entered for defendant. Findings of fact and conclusions of law were filed. We affirm.

On January 9, 1970, defendant, as mortgagee, James C. Huett, as sponsor, and Barclay Square Apartments, as proposed mortgagor, were issued a "Commitment for Insurance of Advances" by the Federal Housing Commissioner (FHA) insuring a $1,983,900 mortgage note held by the bank on an apartment project in Dallas, Texas. The commitment provided in part:

> "(4) The Mortgagor shall establish to the Commissioner's satisfaction that, in addition to the proceeds of the insured mortgage, the Mortgagor has funds in the amount of $25,187, or has made financial arrangements acceptable to the Commissioner in order to meet the expenses of the project from the date of initial occupancy until 12 months after the date of final endorsement as the Commissioner estimates is necessary to establish a profitable operation. The funds shall be deposited with the Mortgagee or other depository acceptable to the Commissioner on or before the date of initial endorsement, and such funds shall be held in a special account under an agreement approved by the Commissioner."

Paragraph 20 of the FHA insurance commitment, which was a typed addition to the printed form contract, provided:

> "Sponsor to furnish additional funds, FHA Form 2476 and FHA Form 2477, in the amount of $25,187."

On January 14, 1970, plaintiff, FNMA, entered into a written "Advance Commitment Contract" with defendant whereby FNMA agreed to purchase from defendant the $1,983,900 mortgage note. The commitment provided in part:

"12. The term 'mortgage' as used in this commitment contract shall be construed to include the security instrument, together with the obligation secured thereby and the title evidence and all other documents, instruments, and other papers pertaining thereto."

Paragraph 7 of the agreement provided:

"7. The Seller, promptly after being informed of disbursement by the Corporation in execution of this commitment contract, shall remit to the Corporation or dispose of otherwise, in conformity with instructions from the Corporation, the total amount of the balance and the entire contents of every deposit account of the mortgagor,  .  .  ."

Oak Cliff Bank and Trust Company issued a $25,187 irrevocable commercial letter of credit on February 12, 1970, which provided that "Oak Cliff Bank and Trust Company as Mortgagee under F.H.A. Project No. 112–35088–PM Dallas, Texas" was authorized to draw at sight for the account of "Barclay Square Apartments" the sum of $25,187. The letter of credit stated it would expire on May 12, 1972, and provided drafts must be accompanied by the following documents:

"Statement signed by Barclay Square Apartments, a Texas Joint Venture, and Oak Cliff Bank and Trust Company, as Mortgagee Under F.H.A. Project No. 112–35088–PM, that proceeds of such draft are to be used to establish the profitable operation of said Project in order to meet expenses of said Project from the date of initial occupancy and until twelve months after the date of final endorsement of the Project by F.H.A."

On that same date, February 12, 1970, James C. Huett and Avery Mays, as sponsors of the Barclay Square Apartments project, entered into an Escrow Agreement with defendant as "Depository" which provided:

"ESCROW AGREEMENT

### ADDITIONAL CONTRIBUTION BY SPONSORS

WHEREAS, James C. Huett and Avery Mays are sponsors of a project located in Dallas, Texas, identified as FHA Project No. 112–35088–PM, which project has been, is being, or will be, constructed from the proceeds of a mortgage (or deed of trust) from Barclay Square Apartments to Charles H. Storey & Willard Gragg, with respect to which mortgage the Federal Housing Commissioner has issued his commitment to insure, and without which insurance financing of the construction of the project as proposed by the sponsors could not be obtained, and

WHEREAS, said commitment is conditioned upon assurance that additional funds be made available for project purposes, primarily for the absorption of any deficit resulting from the operation of the project during the initial period of occupancy;

NOW, THEREFORE, THIS AGREEMENT WITNESSETH:

1. That the sponsors have deposited with Oak Cliff Bank and Trust Company, Depository,

_____ (a) in cash,

__X__ (b) by an unconditional irrevocable letter of credit issued to Depository by a banking institution,

_____ (c) in United States bearer bonds at market value,

$25,187.00, receipt of which is acknowledged by the Depository, to be held and disbursed by the Depository as hereinafter set out.

2. Said deposit shall be held subject to disbursement at the direction of the Commissioner for a period of 12 months following final endorsement of the mortgage loan for insurance plus any additional period by which the beginning of amortization of the loan may be deferred. Disbursements from the escrow may be

authorized monthly by the Commissioner to meet any cash deficit in the operation of the project for the period immediately following substantial completion of construction. In determining the amount of such cash deficit, effect will be given to the mortgagor's payments for amortization and deposits in the Reserve for Replacements, but no effect will be given to depreciation, officers' salaries, and management fees paid to the owners or sponsors of the project or their nominees.

3. The deposit will be subject to immediate application to the mortgage debt in the event of default under the mortgage at any time prior to the expiration of the escrow period.

4. IT IS UNDERSTOOD AND AGREED that at the expiration of the escrow period, or at such earlier date as the Commissioner determines that the project has achieved sustaining occupancy and income, any balance remaining on deposit will be returned to the sponsors, without interest.

5. IT IS FURTHER UNDERSTOOD AND AGREED that the 'Depository' will hold and disburse this escrow at the sole direction of the Commissioner; and the sponsors hereby authorize the Depository, in the event the deposit hereunder is other than in cash, to draw against the letter of credit or to sell the bonds to the extent necessary to provide the cash necessary to make the disbursements directed by the Commissioner."

On or about June 3, 1971, plaintiff purchased the mortgage from defendant and defendant submitted various documents to plaintiff. The $25,187 letter of credit or the related escrow agreement was never delivered to plaintiff. The mortgagor failed to make the required payments and on or about October 19, 1971, plaintiff assigned the mortgage to FHA. On or about October 7, 1971, prior to the assignment to FHA, plaintiff was instructed by FHA to draw on any unexpended letters of credit and apply the cash in accordance with instructions from the FHA comptroller. The $25,187 letter of credit expired by its own terms on May 12, 1972. In the final settlement of plaintiff's claim with FHA in 1973, FHA deducted $25,187 from the amount claimed by plaintiff, contending that the escrow agreement provided in paragraph 3 that the deposit was subject to immediate application to the mortgage debt in the event of default at any time prior to the expiration of the escrow period. FHA took the position that since default date was July 1, 1971, and the expiration date of the $25,187 letter of credit was May 12, 1972, the sum of $25,187 was properly deducted from the amount claimed by plaintiff.

Plaintiff argues that since the FHA deducted $25,187 from plaintiff's claim, defendant is liable to plaintiff for such amount because if defendant had assigned the letter of credit to plaintiff as required by the "Advance Commitment Contract," plaintiff would have drawn the $25,187 before assigning the mortgage to FHA on October 19, 1971.

The trial court found defendant acted in more than one capacity during the transactions between the parties. The court found the defendant acted as mortgagee, issuer of letters of credit, and as escrow agent. The court expressly found, and the finding is not properly challenged, that defendant was acting as an "Escrow Agent (Depository) on the Escrow Agreement, F.H.A. Form 2476A and not as a Mortgagee." See *Haag v. Pugh*, 545 S.W.2d 22 (Tex.Civ.App.—Eastland 1976, no writ).

The court concluded defendant followed the terms and conditions set forth in the "Escrow Agreement" and plaintiff failed to establish a breach of contract.

The court found, either expressly or impliedly, the $25,187 letter of credit and escrow agreement were related and the letter of credit was to be disbursed only in accordance with the terms of the escrow agreement. The escrow agreement provides that the defendant, as depository, will hold and disburse the escrow at the sole direction of FHA. Defendant was never directed by FHA or plaintiff to disburse the escrow funds prior to May 12, 1972, the expiration date of the letter of credit. The defendant

as depository had the duty to carry out the terms of the escrow agreement in the manner prescribed in the instrument. *Hanby v. First National Bank of Hereford,* 163 S.W. 415 (Tex.Civ.App.—Amarillo 1914, writ ref.); *Barber v. First State Bank of Hereford,* 37 S.W.2d 808 (Tex.Civ.App.—Amarillo 1931, no writ).

There is some evidence to support the court's finding that as to the $25,187 letter of credit and escrow agreement, the defendant was acting as a depository and not as a mortgagee. As a mortgagee, defendant was required to furnish plaintiff certain documents when it assigned the mortgage to plaintiff. Defendant was not, however, required to assign instruments or documents in which it was acting as a depository and not as a mortgagee.

We have considered all points of error and all are overruled. Judgment of the trial court is affirmed.